## De Graffenreid *et. al.* v. Pearsall.

1. The defendant in error recovered a judgment in the county court, upon which a writ of error was prosecuted to the circuit court and the judgment affirmed on certificate; the judgment of the circuit court did not *in totidem verbis*, recite that the judgment of the county court was recovered by the defendant; but merely stated that the " defendant in error," designating him by name, came and produced to the court, the certificate, &c. Held, that the designation of the defendant with the addition "defendant in error," was sufficient to show that he was the successful party in the county court.

THE defendant in error, recovered a judgment in the county court of Lawrence, against the plaintiff, De Graffenreid, who prosecuted a writ of error to the circuit court of that county; and executed a bond, with the co-plaintiffs as his sureties. In the circuit court, the judgment was affirmed on *certificate* against the plaintiffs. In the record before this court, we find the copy of a certificate of the clerk of the county court in due form, stating the recovery of a judgment by the defendant, against De Graffenreid, the amount, when rendered, &c. The entry of the judgment, recites the *certificate* correctly, except that it omits to state *in totidem verbis*, who was the plaintiff in the judgment of the county court.

The plaintiffs here assign for error, that the *certificate* recited in the judgment of the circuit court, did not warrant the rendition of a judgment against them.

McClung, for the plaintiff.
No counsel appeared for the defendant.

COLLIER, C. J.—It is insisted for the plaintiffs in error, that the judgment of the circuit court cannot be sustained, because it does not appear that the defendant was a party to the judgment of the county court. The objection is not well well taken. The entry in the circuit court begins as follows:

"Came James M. Pearsall, defendant in error, and here pro-
duces to the court, the certificate," &c.   Now, the designation
of Pearsall, as the "defendant in error," is clearly sufficient to
show that he was the successful party in the county court; oth-
erwise, he could not have been a defendant in the circuit court.
True, the judgment would have been more formal, if it had said
directly that the judgment of the county court had been recov-
ered by Pearsall; but the omission in the present case, cannot be
regarded as important.

The judgment of the circuit court is affirmed.